IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MANDEL MCDONALD BENSON,

          Petitioner,

v.

WARDEN MARSKE,

          Respondent.

OPINION AND ORDER

18-cv-670-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Federal prisoner Mandel McDonald Benson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a 2011 sentence enhancement he received under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Relying on United States v. Mathis, 136 S. Ct. 2243 (2016), petitioner contends that his prior aggravated robbery convictions do not qualify as violent felonies under the Armed Career Criminal Act. Because petitioner's argument is foreclosed by decisions from the Courts of Appeals for the Seventh and Eighth Circuits, I am denying his petition.

BACKGROUND

Petitioner Mandel Benson is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. On February 11, 2011, petitioner was convicted after a jury trial in the United States District Court for the District of Minnesota of being a felon in possession of

1

a handgun, in violation of 18 U.S.C. § 922(g)(1). At sentencing, petitioner objected to his designation in the presentence investigation report as an armed career criminal under 18 U.S.C. § 924(e). In particular, petitioner argued that his 1991 conviction for aggravated robbery under Minn. Stat. § 609.245, his 1997 conviction for simple robbery under Minn. Stat. § 609.24, and his 2000 conviction for attempted aggravated robbery under Minn. Stat. § 609.245 were not predicate offenses for purposes of the Armed Career Criminal Act because they were not "violent felonies." Dkt. #117 at 53-57 in D. Minn. case no. 10-cr-269-dsd-dsm. The sentencing court overruled the objections and sentenced petitioner to 235 months of imprisonment.

Petitioner appeal his conviction and sentence and the Court of Appeals for the Eighth Circuit affirmed it. United States v. Benson, 686 F.3d 498 (8th Cir. 2012). The Supreme Court denied petitioner's petition for a writ of certiorari on January 7, 2013. Petitioner then filed an unsuccessful motion under 28 U.S.C. § 2255 in the District Court for the District of Minnesota, arguing ineffective assistance of counsel and due process violations. United States v. Benson, No. CRIM. 10-269 DSD/JSM, 2014 WL 4113098 (D. Minn. Aug. 20, 2014).

On October 14, 2014 and November 20, 2014, petitioner filed identical motions to amend his presentence report under Fed. R. Crim. P. 36. He argued that his 1992 conviction should not have been included in his criminal history score or counted as a predicate offense under the Armed Career Criminal Act because he was convicted more than 15 years before he was found guilty of the offense for which he was being sentenced. The

district court denied the motions on December 8, 2014. Dkt. #159 in D. Minn. Case no. 10-cr-269-dsd-dsm.

Petitioner then sought permission from the Court of Appeals for the Eighth Circuit to file a successive motion under 28 U.S.C. § 2255 so that he could challenge his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), but his request was denied. Petitioner then filed a petition for a writ of habeas corpus under § 2241 in this court.

OPINION

Petitioner contends that his sentence enhancement under 18 U.S.C. § 924(e) is unlawful under the Supreme Court's decision in United States v. Mathis, 136 S. Ct. 2243 (2016). Before addressing this question, it is necessary to determine whether petitioner may proceed under 28 U.S.C. § 2241.

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district in which he was convicted. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013). Under certain circumstances, however, a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). A petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must: (1) be relying on a new case of statutory interpretation, rather than on a

constitutional case; (2) show that the new rule applies retroactively on collateral review and could not have been invoked in an earlier § 2255 petition; and (3) show that the error is "grave enough to be deemed a miscarriage of justice." Montana v. Cross, 829 F.3d 775, 783 (7th Cir. 2016); Light v. Caraway, 761 F.3d 809, 812-13 (7th Cir. 2014); In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998).

In this instance, petitioner contends that he has satisfied the first condition because he is relying on Mathis, 136 S. Ct. 2243, a new case of statutory interpretation. That case involved the distinction between criminal statutes that list alternative elements (thus creating multiple offenses) and statutes that create a single offense with alternative means of satisfying an element of that offense. Id. at 2250–51, 2251 n.1. If a statute lists alternative elements, it is "divisible" and the court can employ the "modified categorical approach," which means that a court can look beyond the conviction itself to determine whether the prisoner's conviction qualifies as a generic offense. Id. at 2249. But if the statute defines a single offense with alternative means of satisfying a particular element, it is "indivisible" and the court must employ the "categorical approach," which means that the court is limited to comparing the elements of the generic crime to the elements of the crime that is the basis for the conviction. Id. at 2251.

I need not decide whether petitioner can satisfy the first or second conditions for invoking the savings clause, however, because it is clear that he cannot satisfy the third condition necessary for obtaining relief under § 2241. That is, he cannot identity any error in his sentencing, let alone a grave enough error to be deemed a miscarriage of justice.

4

Petitioner argues that Minnesota's aggravated robbery statute is divisible and that, upon review of the conviction itself, it is clear that his conviction for first-degree aggravated robbery was a conviction for a non-violent offense. However, the Courts of Appeals for the Eighth Circuit (where petitioner was sentenced) and the Seventh Circuit (where petitioner is incarcerated) have rejected this argument. The Court of Appeals for the Eighth Circuit has held that both simple robbery under Minn. Stat. § 609.24 and aggravated robbery under Minn. Stat. § 609.245 qualify as violent felonies under the Armed Career Criminal Act. United States v. Libby, 880 F.3d 1011, 1016 (8th Cir. 2018); United States v. Pettis, 888 F.3d 962 (8th Cir. 2018). The Court of Appeals for the Seventh Circuit has concluded that Minnesota's simple robbery statute is a violent felony under the force clause of the sentencing guidelines, which is identical to the force clause of the Armed Career Criminal Act. United States v. Maxwell, 823 F.3d 1057, 1062 (7th Cir. 2016). If Minnesota's simple robbery statute is a lesser included offense of aggravated robbery, Libby, 880 F.3d at 1016, petitioner has no ground for arguing that aggravated robbery does not qualify as a violent felony. Accordingly, petitioner cannot show that he was wrongly sentenced as an armed career criminal and cannot obtain relief under § 2241.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

ORDER

IT IS ORDERED that

1. Petitioner Mandel Benson's petition for a writ of certiorari under 28 U.S.C. § 2241 is DENIED.

2. Petitioner is DENIED a certificate of appealability.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 15th day of November, 2018.

BY THE COURT:
/s/

BARBARA B. CRABB
District Judge